HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. C. C. McDONALD, SECRETARY OF STATE.

No. 2443.   Decided June 19, 1912.

**Corporation—Franchise Tax.**
    The franchise tax of fifty cents for each one thousand dollars up to and including one million dollars and twenty-five cents upon each one thousand dollars in excess of one million dollars, imposed upon private corporations whose authorized stock exceeds one million dollars, by the Act of May 16, 1907 (Laws, 30th Leg., p. 502, section 1, proviso), is computed, not on the authorized capital stock alone, but on the sum of such stock issued and outstanding, plus its surplus and undivided profits, where such sum exceeds the amount of its authorized stock.

Original application by the Railroad Company to the Supreme Court for writ of mandamus against the Secretary of State.

*Baker, Botts, Parker & Garwood,* for relator.

*Jewel P. Lightfoot,* Attorney-General, and *James D. Walthall* and *E. B. Robertson,* Assistants, for respondent.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We cannot better state the allegations of relator than to copy from the petition as follows:

"This suit involves the proper construction of Section One of the Act of May 16, 1907, prescribing franchise taxes to be paid by corporations, being Chapter 23 of the General Laws of the First Called Session of the Thirtieth Legislature, found on page 502 of the session acts. That section is as follows:

" 'Section 1. Except as herein provided, each and every private domestic corporation heretofore chartered, or that may hereafter be chartered under the laws of this State, shall, on or before the first day of each year, pay in advance to the Secretary of State a fran-

chise tax for the year following, which shall be computed as follows, viz: Fifty cents on each one thousand dollars, or fractional part thereof, of the authorized capital stock of such corporation, unless the total amount of capital stock of such corporation issued and outstanding, plus its surplus and undivided profits, shall exceed its authorized capital stock, and in that event the franchise tax of such corporation for the year following shall be fifty cents on each one thousand dollars of capital stock of such corporation issued and outstanding, plus its surplus and undivided profits; provided, that such franchise tax shall not in any case be less than ten dollars.   Provided, that where the authorized capital exceeds one million dollars, such franchise tax shall be fifty cents for each one thousand dollars up to and including one. million dollars, and for each additional one thousand dollars, in excess of one million dollars, it shall be twenty-five cents.'

"The contention of petitioner, Houston & Texas Central Railroad Company, is that the section creates two classes of private domestic corporations, to-wit, first, where the authorized capital stock is one million dollars and less; and second, where the authorized capital stock exceeds one million dollars; and that upon the first class the franchise tax is payable upon the basis of fifty cents on each one thousand dollars, or fractional part thereof, of the authorized capital stock of such corporation, unless the total amount of capital stock of such corporation issued and outstanding, plus its surplus and undivided profits, shall exceed its authorized capital stock, and in that event the franchise tax of the corporation shall be fifty cents on each one thousand dollars of capital stock issued and outstanding, plus its surplus and undivided profits.   On the second class, the franchise tax is fifty cents for each one thousand dollars up to and including one million dollars, and for each additional one thousand dollars in excess of one million dollars, it shall be twenty-five cents.   That is to say, on the first class, where the authorized capital stock is a million dollars or less, the surplus and undivided profits, if any, is added to the authorized capital stock, and in the second class, the surplus and undivided profits is not included, but the computation is made solely upon the basis of the authorized capital stock, and is fifty cents per one thousand dollars up to one million dollars, for each additional thousand in excess of one million dollars, twenty-five cents.

"The authorized capital stock of the Houston & Texas Central Railroad Company is ten million dollars, and, under the construction herein contended for, its franchise tax would be fifty cents per thousand for the first million and twenty-five cents per thousand for the remaining nine million, or two thousand, seven hundred and fifty dollars, ($2,750.00.)

"In addition to its authorized capital stock of ten million dollars, petitioner, Houston & Texas Central Railroad Company, has a surplus, that is to say, an excess of assets over liabilities, of seven million two hundred seventy-six thousand two hundred forty-nine dollars ($7,276,245.65) and sixty-five cents, and respondent, the Secretary of State, contends that this sum must be added to the ten mil-

lion dollars of authorized capital stock, and that the franchise tax based upon this estimate, and that the tax should be fifty cents per thousand for the first million and twenty-five cents per thousand for the remaining sixteen million, two hundred seventy-six thousand, two hundred forty-five dollars and sixty-five cents, or, as computed by him, four thousand, five hundred sixty-nine dollars and twenty-five cents ($4,569.25.)

"Prior to the first day of May, 1912, on which date the tax became due and payable, to-wit, on the 23rd day of April, 1912, petitioner tendered to the Secretary of State the said sum of two thousand seven hundred and fifty dollars, in full payment of its franchise tax under the act, but the Secretary of State declined to accept said tender, and refuses to accept any sum less than the sum of four thousand five hundred sixty-nine dollars and twenty-five cents."

The question for our determination is, was the surplus and undivided profits (being $7,276,245.65 as shown by the railroad company's report) subject to taxation for the year 1912. There is no dispute as to the amount of authorized capital stock outstanding, being $10,-000,000.00. The method of computing the tax and the rates to be charged is prescribed by this language of section one of the act:

"Fifty cents on each one thousand dollars, or fractional part thereof, of the authorized capital stock of such corporation, unless the total amount of capital stock of such corporation issued and outstanding, plus its surplus and undivided profits, shall exceed its authorized capital stock, and in that event the franchise tax of such corporation for the year following shall be fifty cents on each one thousand dollars of capital stock of such corporation issued and outstanding."

Independently of the second proviso of the law that clause would fix a tax on the capital stock, plus its surplus and undivided profits, at the rate of fifty cents on each one thousand dollars of the combined sums, and, without the proviso, would embrace the entire capital stock and surplus and undivided profits. This result would be produced by applying the rule laid down in the body of the act, but the authorized capital stock being more than one million dollars, the proviso becomes applicable and so modifies the preceding provision that the amount of capital that shall be subject to fifty cents on the one thousand dollars is limited to one million dollars, and for each additional one thousand dollars in excess of one million dollars the franchise tax shall be twenty-five cents. That proviso reads: "Provided, that where the authorized capital exceeds one million dollars, such franchise tax shall be fifty cents for each one thousand dollars up to and including one million dollars, and for each additional one thousand dollars in excess of one million dollars, it shall be twenty-five cents." It is plain that "the excess" mentioned in the proviso embraced the amount of stock outstanding in excess of one million dollars; that is, nine million dollars of the stock are by the proviso made subject to the twenty-five cents tax instead of fifty cents on each thousand dollars.

Are the surplus and undivided profits included in the term excess? The language of the law makes the surplus and undivided profits taxable with the stock in every instance when the outstanding stock and surplus and undivided profits exceed the authorized capital. We

believe that a correct interpretation of the language is that when the authorized capital exceeds a million dollars, the excess of the stock over one million dollars, plus its surplus and undivided profits, shall be subject to the tax of twenty-five cents on the thousand dollars. There is nothing in the language which will relieve the surplus and undivided profits from the effect of the general language which made that fund subject to fifty cents on the one thousand dollars; but we are of the opinion that the association in the body of the act of the authorized capital and the surplus and undivided profits uniformly at the same rate justifies the conclusion that they were so associated in the legislative mind in framing the proviso, therefore the "excess" was intended to embrace capital, surplus and undivided profits on the same terms.

A careful reading of the law leads us to the conclusion that it was the purpose to tax the active capital and all of the active capital of such corporation at the same rates and under the same limitation; that purpose being so apparent furnishes a safe guide for the construction of the act.

The Secretary of State correctly construed the law. It is therefore ordered that the mandamus be refused at Relator's cost.